UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD JACK-BEY, JR.,

        Plaintiff,        Case No. 1:13-cv-131

v.        Honorable Robert J. Jonker

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 114 Stat. 804, 42 U.S.C. § 2000cc-1(a)(1)-(2), and state law. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will: dismiss Plaintiff's § 1983 claim against the Michigan Department of Corrections; dismiss Plaintiff's damage claims under § 1983 against the other Defendants, in their official capacities; and dismiss

Plaintiff's claim for damages under 42 U.S.C. § 2000cc-1(a)(1)-(2). The Court will allow the remainder of the action to proceed.

## Discussion

I.  Factual allegations

Plaintiff Howard Jack-Bey, Jr. presently is incarcerated at the Ojibway Correctional Facility, though the actions he complains of also occurred while he was housed at the Lakeland Correctional Facility (LCF). Plaintiff purports to bring a class action on behalf of himself and other prisoners like him, including Perry Coleman Bey, Chris Phillips El, and "Members of the Moorish Science Temple of America -1928 Grand Body[] (A Class of Moorish American Moslems)." (Compl., docket #1, Page ID#1.) Plaintiff sues the Michigan Department of Corrections (MDOC) and the following employees of the MDOC, in their individual and official capacities: Director Daniel H. Heyns, Deputy Director Tom Finco, Special Activities Coordinator Michael Martin, Regional Prison Administrator Ray Wolfe, LCF Warden Carol Howes, LCF Chaplain D. Tompkins, and "[u]nknown members of the Chaplaincy Advisory Council (CAC) who recommended denial of Plaintiff(s) constitutional, federal and state law rights[.]" (*Id.*, Page ID#10.)

Plaintiff alleges that he, Coleman Bey and Phillips El are members of the "Moorish Science Temple of America-1928 Grand Body/Moorish Divine National Movement" (MSTA-1928). (*Id.*, Page ID#11.) On December 2, 2011, they submitted formal requests to all Defendants for recognition of MSTA-1928 as a religious group, in accordance with MDOC Policy Directive 05.03.150, which provides that:

> The Department recognizes religious groups for the purpose of identifying those groups authorized to conduct group religious services and attend group religious activities and for identifying authorized personal religious property prisoners belonging to the religious group may possess . . . .

- 2 -

> . . .
>
> A prisoner or group of prisoners belonging to a religious group not recognized by the Department may request Department recognition of that group by submitting a written request to the Warden, FOA Regional Administrator, or designee, as appropriate. The request shall include information regarding the group's religious beliefs and practices. The Warden or FOA Regional Administrator shall ensure the all requests and supporting documents are referred to the CFA Special Activities Coordinator for review through the appropriate chain of command. The CFA Special Activities Coordinator shall present the material to the CAC for additional review, if needed. The CFA Special Activities Coordinator shall forward his/her recommendation, and that of the CAC if applicable, to the CFA Deputy Director for a final determination.
>
> The CFA Deputy Director shall make the final decision as to whether a religious group will be granted Department recognition and, if so, whether group religious services and activities and personal religious property will be allowed. The group shall be granted recognition if it is determined to be a bona fide religious group with beliefs and practices not adequately represented by an existing recognized religious group, based on any recommendation received from the CAC. The decision whether to allow the group to conduct group religious services and activities, and whether to allow personal religious property, shall be based on whether the practice of the religion or possession of the property item would pose a custody and security threat; the decision whether to allow the group to conduct group religious services and activities also shall be based on the number of prisoners identified as belonging to the religious group. All Regional Prison Administrators (RPAs), Wardens, and FOA Regional Administrators shall be advised of the final decision.

*Id.*, ¶¶ J, L, M (effective Sept. 20, 2007).

Plaintiff, Coleman Bey, and Phillips El also requested the right to practice their religion in the following ways:

> [T]o hold a Holy Day (Friday Moorish Jummah), Wednesday Moorish Koranic Class Study Group and Sunday School Class Meetings, to receive . . . required and requested religious materials, emblems, Moorish Islamic Mohammedan Charms–Circle Seven Charms, Star and Crescent Charms, Moorish Islamic Prayer Rugs, Moorish Dikr beads for prayer and meditation and reflection, Moorish Kuffee, Moorish American Flag pins, Prophet Badge, Religious Wedding (obligation) bands, Moorish prayer oil (Attar), Moorish Ramadan (Fasting) from October 1st through October 31st every year same dates and time, in Honor of the Great Prophet ALI of America; [to] be allowed to enroll into Our University of the Moorish Science Temple of America–1928 (UMSTA) unmolested and receive and study Lessons and

> Booklets, Video Lessons from Our Spiritual Guides and Teachers, . . . Audio Tapes, DVD's and Books approved by the Moorish Science Temple of America-1928 Grand Body/Moorish Divine National Movement[,] and representation from Our National Leadership, from Our Supreme Grand Sheik, Dr. Ra Saadi El, Shaykh (Chief of Ministers) . . . .

(Compl., Page ID#11.) Defendants allegedly failed or refused to respond to their requests.

On August 8, 2012, Plaintiff filed a prisoner grievance regarding Defendants' failure to respond to the requests for recognition and accommodation. The grievance was rejected as untimely on September 11, 2012. Plaintiff appealed his grievance to step II and step III of the grievance appeal process, and those appeals were denied.

Plaintiff complains that his only option for Islamic group worship is to attend services held by the "Moorish Science Temple of America, Inc. (1934 Portion)" (MSTA-1934), which differs from MSTA-1928 on several important issues of religious doctrine and group worship. (*Id.*, Page ID##12, 14; *see* Ex. E to Compl., docket #1-1, Page ID#54 (listing differences between MSTA-1928 and MSTA-1934).) Plaintiff contends that, by failing to recognize followers of the MSTA-1928 as a distinct group, Defendants have unfairly favored the beliefs and practices of the MSTA-1934 group over his own.

Plaintiff also complains that he has been deprived of the ability to obtain religious books and materials necessary for the practice of his religion, including "charms (Circle 7, Star and Crescent and Mohammadan Charms)[,] . . . Moorish Kuffees[,] and prayer rugs." (Compl., Page ID#17.) Also, he has not been able to have "spiritual leaders, teachers, historians, scholars and guides to be recognized by the MDOC [s]anctioned CFA Board/Council and to be allowed to service [him and other followers of MSTA-1928]." (*Id.*, Page ID#18.)

Based on the foregoing, Plaintiff asserts that Defendants have violated his constitutional rights, including the right to equal protection under the Fourteenth Amendment and the right to the free exercise of religion in the First Amendment. He claims that Defendants have violated the First Amendment's Establishment Clause and the Eighth Amendment's prohibition of cruel and unusual punishment. In addition, Plaintiff claims that Defendants have violated the RLUIPA, and that their actions/inaction constitutes gross negligence under state law.

As relief, Plaintiff seeks an injunction requiring the MDOC to formally recognize the MSTA-1928 as a distinct religious group, and to allow its members to hold their own religious festivals and ceremonies, possess certain items necessary for the practice of their faith, and attend religious classes. He also seeks a declaratory judgment and compensatory and punitive damages.

II. Class Action

Plaintiff purports to file the complaint on behalf of himself, two other specifically-named individuals, and a class of similarly-situated prisoners. Plaintiff is the only person who signed the complaint. Plaintiff lacks standing to assert the constitutional rights of other prisoners. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Furthermore, as a layman, Plaintiff may only represent himself with respect to his individual claims; he may not act on behalf of other prisoners. Except for self-representation, no person may bring an action in this court unless that person is a member of the bar. W.D. MICH. LCIvR 83.1(i); *see also Theriault v. Silber*, 579 F.2d 302 n.1 (5th Cir. 1978). Plaintiff Jack-Bey is not a member of the bar. Thus, absent class certification, he may not bring claims on behalf of Coleman Bey, Phillips El, or other prisoners.

Plaintiff's request for class certification will be denied. For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation. *See* FED. R. CIV. P. 23(a)(4). It is well established that *pro se* litigants are inappropriate representatives of the interests of others. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Marr v. Mich.*, No. 95-1794, 1996 WL 205582, at * 1 (6th Cir. April 25, 1996). Accordingly, because Plaintiff is an incarcerated, *pro se* litigant, the Court finds that he is not an appropriate representative of a class. Therefore, the Court will deny Plaintiff's request for class certification.

III. <u>Immunity</u>

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity in § 1983, *see Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Sixth Circuit has specifically held that the MDOC is absolutely immune

from a suit under § 1983. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000) In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Consequently, Plaintiff's § 1983 claim against the MDOC must be dismissed.

Plaintiff sues the other Defendants in their individual and official capacities. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the Michigan Department of Corrections. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). An official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Thus, Plaintiff's damages claim under § 1983 against Defendants in their official capacities is also barred. In contrast, the individual-capacity claims under § 1983 are not barred by immunity, and the Court concludes that Plaintiff's allegations are sufficient to warrant service of those claims on the other Defendants.

Plaintiff also seeks damages for alleged violations of the RLUIPA. Although that statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), the Supreme Court has held that it did not abrogate sovereign immunity under the Eleventh Amendment. *Sossamon v. Texas*, 131 S. Ct. 1651, 1663 (2011). As a consequence, the MDOC and the other Defendants in their official capacities are immune from Plaintiff's claim for monetary relief. *See Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009). In addition, the Sixth Circuit has suggested, and other appellate courts have specifically held, that RLUIPA does not authorize a claim for damages against government officials in their individual capacities. *See Colvin v. Caruso*, 605

F.3d 282, 289 (6th Cir. 2010) (dismissing a damages claim against defendants in their official *and* individual capacities, stating that "monetary damages are not available under RLUIPA"); *see also Stewart v. Beach*, 701 F.3d 1322, 1334-35 (10th Cir. 2012); *Sharpe v. Johnson*, 669 F.3d 144, 154–55 (3d Cir. 2012); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 327–28 & n.23 (5th Cir. 2009); *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1272–75 (11th Cir. 2007). Consequently, the Court will dismiss Plaintiff's damages claim under RLUIPA. His claims for declaratory and injunctive relief are not barred, however, and the Court concludes that Plaintiff's allegations are sufficient to warrant service of the RLUIPA claim on Defendants.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will deny class certification. Plaintiff's claim against Defendant MDOC under § 1983, his claim for damages under § 1983 against the other Defendants in their official capacities, and his claim for damages under RLUIPA will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), on grounds of immunity and/or failure to state a claim. The Court will order service of the remainder of the complaint against Defendants MDOC, Heyns, Finco, Martin, Tompkins, Howes, and Wolfe.[1]

An Order consistent with this Opinion will be entered.

                                         /s/Robert J. Jonker     
                                        ROBERT J. JONKER
                               UNITED STATES DISTRICT JUDGE

Dated: June 20, 2013

---

[1] The Court does not have sufficient information at this time to order service of the complaint on the unknown members of the Chaplaincy Advisory Council.