UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD JACK-BEY, JR.,

        Plaintiff,

Case No. 1:13-cv-131

Hon. Robert J. Jonker

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.

                                  /

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1(a)(1)-(2). This matter is now before the Court on "Plaintiff Jack Bey's Motion for a temporary restraining order and a preliminary injunction" (docket no. 38). Plaintiff's motion raises two issues with respect to injunctive relief. First, he seeks a temporary restraining order (TRO) and preliminary injunction because defendants "by and through their agents" confiscated plaintiff's only copy of the civil rights complaint and exhibits filed in this matter. Plaintiff contends that this caused him irreparable injury because he cannot respond to defendants' motion for summary judgment. Second, he appears to seek a preliminary injunction requiring defendants to recognize his religious group, the "Moorish Science Temple of America-1928 Grand Body/Moorish Divine National Movement" (MSTA-1928), and not require his group to participate in religious services with a separate group, the "Moorish Science Temple of America, Inc. (1934 Portion)" (MSTA-1934).[1]

---

[1] The Court addressed plaintiff's claim regarding MSTA-1928 and MSTA-1934 in a previous report and recommendation (docket no. 63).

### I. Motion for a TRO

Plaintiff's motion seeking a TRO was filed in response to defendants' dispositive motion. The apparent purpose of this motion was to obtain a court order directing defendants to return plaintiff's original complaint and exhibits so that he could respond to the dispositive motion. This claim is moot. Plaintiff raised the same issue in a motion for extension of time which was filed prior to his motion for a TRO. *See* Motion for extension of time (docket no. 34). This Court addressed the issue in an order which granted plaintiff's motion for an extension of time in part. *See* Order (docket no. 46). In resolving this issue, the Court noted inconsistencies in plaintiff's claim regarding the confiscation of documents by the Michigan Department of Corrections (MDOC), and reviewed in detail the procedure by which the MDOC rejected over 200 pages of paperwork sent to plaintiff by his wife, the MDOC contraband removal record related to the paperwork, and a related administrative decision which found that the paperwork was "not from an attorney, a court or a legitimate religious organization" and which classified the paperwork as a threat to the security of the facility. *Id.* The Court granted plaintiff's second motion for extension of time to file a response. *See* Motion (docket no. 47); Order (docket no. 52). As a result, plaintiff filed a timely comprehensive response to defendants' dispositive motion consisting of more than 100 pages. *See* Plaintiff's Response and Brief (docket nos. 49 and 50). Accordingly, plaintiff's motion for a TRO is moot, being cumulative and redundant of the issues raised in his previously filed motions for extension of time, and addressed in the Court's orders adjudicating those motions.

### II. Motion for Preliminary Injunction

Plaintiff's motion for a preliminary injunction seeks the ultimate relief which is requested in this lawsuit, i.e., "an injunction requiring the MDOC to formally recognize the

2

MSTA-1928 as a distinct religious group, and to allow its members to hold their own religious festivals and ceremonies, possess certain items necessary for the practice of their faith, and attend religious classes." Opinion at p. 5 (docket no. 7).

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). *See, e.g.*, *Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir. 1976) ("[t]he general function of a preliminary injunction is to maintain the status quo pending determination of an action on its merits"). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." *Stenberg v. Cheker Oil Company*, 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted). Here, it appears that plaintiff seeks the issuance of a mandatory injunction to alter the situation by requiring the MDOC to recognize his religious group, MSTA-1928.

A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed

3

to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548.

In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998). The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. *In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992). The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix. While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision. However, it is well established that "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Board of Medical Examiners,* 225 F.3d 620, 625 (6th Cir. 2000). Finally, the movant bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods, Inc. v Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 432, 441 (1974).

### A.     Likelihood of success on the merits

In the opinion of the undersigned, plaintiff has not established a substantial likelihood of success on the merits. By way of background, this Court previously denied the motion for summary judgment filed by defendants MDOC Director Heyns, MDOC Deputy Director Finco, Chaplain Tompkins and LCF Warden Howes. However, the Court reached this result based upon plaintiff's declaration without any basic information as to how the actions of each respective defendant imposed a substantial burden on plaintiff's religious exercise or violated his First Amendment rights. Accordingly, given this sparse record, the court concludes that this factor favors neither party.

### B.     Irreparable Injury

The "key word" in determining the extent of an injury sufficient to support the award of injunctive relief is "irreparable." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). Mere injuries, however substantial, are not enough. *Id.* Rather, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.* "In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again." *Id.* (internal citations omitted). Here, the Court concludes that plaintiff is not suffering from irreparable harm. Defendants are not preventing plaintiff from practicing his religion. Rather, the issue before the Court is whether defendants violated plaintiff's constitutional and statutory rights by not formally recognizing MSTA-1928 as a religion distinct from MSTA-1934. Accordingly, this factor favors defendant.

### C.     Substantial harm to others

There is no evidence before the court that the requested injunctive relief will, or will not, cause substantial harm to others. Accordingly, this factor is neutral.

### D. Public interest

Plaintiff does not seek a court order to maintain the status quo. Rather, plaintiff seeks to have this court direct the MDOC to recognize plaintiff's religion, MSTA-1928, pursuant to MDOC Policy Directive 05.03.150 ¶¶ J, L and M (eff. Sept. 20, 2007).[2] Plaintiffs' requested injunctive relief would require this court to intervene in the MDOC's day-to-day operation of its correctional facilities. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. These matters are best left to the state's prison officials.

> [J]udicial deference is accorded not merely because the administrator ordinarily will, as a matter of fact in a particular case, have a better grasp of his domain than the reviewing judge, but also because the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial.

*Bell v. Wolfish*, 441 U.S. 520, 548 (1979). The issuance of a preliminary injunction in this case would unnecessarily intrude into the MDOC's day-to-day operations. The record does not suggest that the MDOC's operation of correctional facilities under the status quo poses such a threat to plaintiff that this court must intervene during the pendency of this lawsuit and exercise its judgment in place of the professional judgment of the MDOC's employees. Accordingly, this factor favors defendant.

### E. Evaluation of the four factors

---

[2] The Court notes that this policy directive, which was in effect when plaintiff submitted his formal request for recognition in 2011 and applicable to plaintiff's claim, has been superseded by MDOC Policy Directive 05.03.150 (eff. July 26, 2013).

6

After reviewing the four factors relevant to issuing injunctive relief, the court draws the following conclusions. As discussed, the first and third factors are neutral, favoring neither party. While plaintiff brought forth sufficient facts to defeat defendants' motion for summary judgment, the record is too sparse for the Court to determine the relative merits of the parties' positions. The second and fourth factors favor defendants because plaintiff has not demonstrated that he will suffer irreparable harm, and there exists a strong public interest in having the MDOC, rather than this court, manage the prisoners' religious programming in its facilities. For these reasons, the court concludes that plaintiff's motion for a preliminary injunction should be denied.

### III.  Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motion for a TRO and preliminary injunction (docket no. 38) be **DENIED**.

Dated: 06/30/2014                                   /s/ Hugh W. Brenneman, Jr.
                                                    Hugh W. Brenneman, Jr.
                                                    U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).